Williams, J.
The first of these actions is brought to oust Louis H. McLain from the office of sheriff of Champaign county, which he now holds ; and the object of the other is to oust .Charles H. Cansón from the office of mayor of the city of Urbana.
It is charged against the sheriff that, in June, 1897, he forfeited his right to the office by suffering a mob to rescue from him and lynch a prisoner by the name of Mitchell then in his custody *319 in the county jail, and by his failure to make proper proclamation to disperse the mob, cause the arrest of the persons composing it, and employ the military force at his command for the protection of the prisoner. And the charge against the mayor is, in substance, that when, on the occasion above mentioned, the mob assembled in the city of Urbana for the avowed purpose of taking Mitchell from the county jail and lynching him, the mayor not only failed to make proclamation commanding the mob to disperse, or take any measures for its suppression, but actively encouraged and incited it in its contemplated purpose, and resorted to subterfuges and misrepresentations to prevent the military force then present from interfering with the designs of the mob and affording protection to the prisoner. The charges in each case are set out in detail in the petitions filed against the respective parties, and constitute most flagrant violations of official duty which cannot be too severely condemned. Their truth is admitted by the demurrers, and the only question raised is whether quo warranto is the appropriate action in such cases. It is first contended in behalf of the state, that the action is authorized by the second clause of section 6760, of the Revised Statutes, which provides that such action may be maintained, “against a public officer, civil or military, who does or suffers an act, which, by the provisions of law, works a forfeiture of his office.” The question arising here is, what is meant by the phrase “ the provisions of law” contained in the section.
By the rule of the common law, the faithful performance of the duties of an office was the tacit condition upon which the continued right to hold the office depended, and any breach of that condi *320 tion constituted cause for the the forfeiture of the office. It was said by Lord Mansfield in Rex vs. Richardson, 1 Burr, 517, 538, that there were three classes of offenses for which an officer might be removed: “(a), Such as have no immediate relation to his office, but are in themselves of so infamous a nature as to render the offender unfit to execute any public office, (b), Such as are against his official oath and his official duties, and amount to breaches of the tacit conditions annexed to his office, (c), Those that are of a mixed nature; not only being a violation of his official oath and a breach of the tacit conditions annexed to his office, but also indictable.” It is therefore obvious that if, under the clause above quoted from Section 6760, an action in quo warranto can be maintained against an officer who does or suffers an act which by the rules of the common law worked a forfeiture of the office, the demurrer to the petition against the sheriff is not well taken. It is the duty of the sheriff, says Lord Coke: “To preserve the peace in his bailiwick or county. To this end he is the first man within the county, and it is incident to his office that he apprehend and commit to prison all persons who break or attempt to break the peace. He is bound, ex-officio, to pursue and take all traitors, murderers, felons and rioters. He has the safe-keeping of the county jail, and must defend it against all rioters; and for this, as well as for any other purpose, in the execution of his duties, he may command the inhabitants of the county to assist him, which is called the posse comitatus,” Sheriffs in this state are expressly charged by statute with these duties, and clothed with these powers. Revised Statutes, sections 1311, 4790.
*321 But our constitution has vested in the legislative body the power to determine for what causes and in what manner removals from public office may be made. Section 6, of article 10, provides : “ Justices of the peace and county and township officers may be removed in such manner and for such cause as shall be prescribed by law. ’ ’ The evident design of this provision of the constitution was to commit the subject of removals from office to the general assembly, and leave it to the legislative discretion to prescribe the causes for which removals may be made, and the mode of procedure in such cases. The legislature has accordingly exercised its discretionary power in this respect, and in numerous instances enacted laws prescribing the causes for which public officers may be removed, and the manner of their removal. Revised Statutes, sections 1031, 1032, 1134,' 1185, 1246, 1329, 1685, 1732, 1736, 6900, 6909, 6917. In view of these provisions of the constitution and statutes, it is to be presumed that by the clause of section 6760, authorizing an action in quo warranto against an officer who has done or suffered an act which by the provisions of law forfeits his office, the legislature meant and intended such act as has been made a cause of forfeiture or removal by statute; and this, we believe to be. the proper interpretation of the clause. It becomes necessary, therefore, to inquire whether the offenses charged against the defendants come within that category. The only statutory provisions to which we have been referred, or of which we are aware, that prescribe causes for the removal of sheriffs, are those contained in sections 1329, 6900, 6909 and 6917 ; and *322 the last of these sections is the only one that has any relevancy to this case. It provides that a sheriff, who willfully refuses or neglects to perform any duty he is required by law to perform in any criminal case or proceeding, or who delays to serve any warrant, legally issued in any criminal case, which is delivered to him to execute, when in his power to serve the same, either alone, or by calling assistance, shall be punished by fine and imprisonment, and, on conviction, may be removed from office by order of the court. Conceding, without deciding, that an offence within this section is charged in the petition against the sheriff, his removal from office under its provisions can only follow after conviction; and, as this is the specific mode prescribed for his removal in such cases, that method must be pursued. The remedy being prescribed by the statute which creates the cause, is exclusive.
It is argued, however, in behalf of the state, ' that quo vjarranto is the appropriate action for the trial of title to an office; and that by section 2, of article 4, of the constitution, original jurisdiction in such actions is conferred on this court, of which it cannot be deprived, in any degree, by legislation. But that provision of the constitution should be construed with others in pari materia, and each so restrained as to give harmonious effect to them all. And hence, the jurisdiction conferred by that section is subject to such legislative control as is authorized by other provisions of the same instrument; and legislation enacted in obedience to such provisions has the same effect as if contained in the constitution itself. In instance of this, by section 21, of article 2, power is conferred on the general assem *323 bly to provide by law “before what authority, and in what manner the trial of contested elections shall be conducted;” anda statute enacted in the exercise of that power was held, in the State v. Marlow, 15 Ohio St., 114, to afford the exclusive remedy in such eases, and withdraw them from the jurisdiction of this court in quo xoarranto, notwithstanding the latter mode of inquiry, in the absence of such a statute, was the appropriate one in such cases. Upon the same principle, legislation enacted in pursuance of section 6, of article 10, of the constitution, prescribing the causes and manner, for the removal of public officers otherwise than by proceedings in quo warranto, must have the effect of affording the exclusive remedy in cases of that kind.
So, by sections 1732 — to and including 1736 of the Revised Statutes, a complete and speedy remedy is provided for the removal of mayors and other officers of municipal corporations, for any misfeasance or malfeasance in office. Complaint may be filed in the probate court by any elector of the corporation, and a trial thereon be had in that court, by jury, if demanded, followed, if the complaint be sustained, by judgment of removal; in which case, the vacancy is required to be filled as is generally provided by law for the filling of vacancies in those offices. Error may be prosecuted by the accused, but he is not permitted to exercise the functions of the office until the judgment is reversed or vacated.
It can hardly be supposed that the legislature intended the remedy thus specifically provided, to be concurrent merely, with that of quo warranto. True, the one is instituted on complaint of the individual elector, and the other prosecuted in the *324 name of the state; but the state, as well as the individual, is bound by the statute, which was enacted, we apprehend, with the twofold purpose of affording the accused in all such cases the right of a speedy trial by jury, and of relieving courts, invested with original jurisdiction in quo warranto, of the trial of that class of cases. And as the statute prescribes the causes for the removal from office and also provides the mode of procedure to accomplish the removal, under the well established rule the remedy thus provided must be regarded as the exclusive one in those cases. We are therefore constrained to hold that the charges against these defendants cannot be inquired into in this proceeding.

Demurrer sustained, and the petitions dismissed.